United States District Court
District of Massachusetts

|  |  |
|---|---|
| Francis Munagi,            ) | |
|     Petitioner,  ) | |
| v.                         ) | Civil Action No. |
|                            ) | 25-13175-NMG |
| Joseph D. McDonald, et al.,) | |
|     Respondents. ) | |

MEMORANDUM & ORDER

GORTON, J.

In his petition for writ of habeas corpus (Docket No. 1) petitioner Francis Munagi ("Munagi" or "petitioner") contends that Joseph D. McDonald, Jr. and other named respondents ("respondents") have violated his statutory, regulatory and due process rights by revoking his Order of Supervised Release ("OSUP") and detaining him pending deportation. Respondents maintain that petitioner's detention is statutorily authorized and constitutional because U.S. Immigration and Customs Enforcement ("ICE") lawfully revoked his supervised release after determining that, on account of changed circumstances, there is a significant likelihood that petitioner may be

- 1 -

deported to Kenya in the reasonably foreseeable future. For the reasons that follow, Munagi's petition will be **ALLOWED**.

I. **Background**

Petitioner is a native of Kenya who has been residing in the United States since 2001, the year he entered the country with a Form I-94 after formal inspection by Border Protection agents. In 2014, an immigration judge issued a final order of removal to Kenya for petitioner. More than six months later, ICE released petitioner on an OSUP, requiring him to check in with ICE periodically. In October, 2025, during a scheduled check-in, ICE revoked petitioner's OSUP and detained him. At the time of his arrest, ICE gave petitioner written notice of his OSUP revocation under 8 C.F.R. §241.13(i)(2), advising him that it had determined that he could be removed from the United States. Munagi remains detained at the Plymouth County Correctional Facility, although he was, at one point, temporarily transferred to John F. Kennedy Airport by mistake. See Docket No. 23.

II. **Jurisdiction**

The government argues that this Court does not have jurisdiction because, in his petition, petitioner does not name his immediate custodian. He names Joseph D. McDonald, Jr., the Sheriff of Plymouth County and Facility Head of the Plymouth County Correctional Center but not Antone Moniz, the

- 2 -

Superintendent of the Plymouth County Correctional Center, where he is currently incarcerated.

In habeas cases, the immediate custodian and proper respondent is the individual with "day-to-day" control over the imprisoned individual. Vasquez v. Reno, 233 F.3d 688, 691, 696 (1st Cir. 2000). The so-called immediate custodian rule prevents petitioner from naming the Attorney General or some other remote supervisory official and from filing his petition outside the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004). This rule serves the important purpose of preventing forum shopping by habeas petitioners. Id.

For the purpose of determining jurisdiction in this case, the naming of Sheriff McDonald does satisfy the immediate custodian rule because (1) other courts have found Sheriff McDonald to be the actual custodian of the Plymouth County Correctional Facility, see Anim v. McDonald, No. 11-10017-JLT, 2011 U.S. Dist. LEXIS 2158, at *1-2 (D. Mass. Jan. 10, 2011) and the government has not challenged jurisdiction in those cases in which he has been the named respondent; (2) Sheriff McDonald does have day-to-day control over the facility based on the description on its website, and (3) petitioner does not appear to this Court to be forum shopping.

Thus, the Court concludes it has jurisdiction in this case and will proceed to the merits of the petition.

### III. Legal Standard

When a non-citizen is ordered removed from the United States, the federal government must effectuate that removal within 90 days. 8 U.S.C. §1231(a)(1)(A). If the detainee has not been removed after 90 days, the government may continue its detention "for a period reasonably necessary to secure the alien's removal." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). That continued detention is presumptively reasonable for six months. Id. at 701. After six months, if the detainee

> provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing

or release the noncitizen on an OSUP. Id.; see also 8 C.F.R. § 241.13.

Before revoking an OSUP and re-detaining a non-citizen, ICE must determine that, based on changed circumstances, removal has become significantly likely in the reasonably foreseeable future. 8 C.F.R. §241.13(i)(2)). ICE must make that determination in the first instance, rather than the Court. Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023). The government bears the burden of demonstrating that ICE properly made such a determination. Nguyen v. Hyde, 788 F. Supp. 3d 144, 150 (D. Mass. 2025).

Regulatory violations have been found where ICE summarily states that circumstances have changed without providing any specific support for that assertion. See, e.g., Arostegui-Campo v. Noem, 2025 WL 3280886, at *4 (E.D. Cal. Nov. 25, 2025) (holding that the unsupported statement by the declaring officer that "there is a significant likelihood of his removal in the reasonably foreseeable future" does not satisfy respondents' burden). Further, the changed circumstances that make an alien's removal likely in the foreseeable future must have existed at or before the OSUP revocation; post-hoc justifications are inadequate. See, e.g., Sarail A. v. Bondi, 2025 WL 25333, at *10 (D. Minn. Sept. 3, 2025) (finding revocation was unlawful where ICE was not informed that Jamaica would issue petitioner travel documents until after his OSUP had been revoked).

**IV. Discussion**

ICE offers two reasons for its determination that Munagi can be removed in the reasonably foreseeable future: (1) that there is an active repatriation agreement between the United States and Kenya, and (2) that ICE has obtained travel documents for petitioner to return to Kenya.

The government does not specify when the repatriation agreement was entered into and ICE's own statistics show that dozens of deportations to Kenya occurred in 2014, the year ICE

initially determined that there was no significant likelihood of Munagi's deportation in the reasonably foreseeable future. ICE has provided the Court with no indication that the repatriation agreement between the United States and Kenya is more favorable now than it was in 2014, and even if it did, courts have found that such evidence does not show a sufficiently individualized determination. Nguyen, 788 F. Supp. 3d at 150 (rejecting government's reliance on a new repatriation agreement with Vietnam and statistics showing exponential growth in removals to that country because it did not specifically address similarly situated individuals).

As for the newly obtained travel documents, ICE did not apply for such documents until after it had revoked Munagi's supervised release. The question before the Court is not whether petitioner's deportation is now likely in the reasonably foreseeable future but whether such likelihood existed at the time his OSUP was revoked. The government has proffered no evidence demonstrating the latter.

In sum, without any support from the government showing that ICE made an individualized, pre-revocation determination that Munagi was removable in the reasonably foreseeable future, the Court cannot conclude that the government has met its burden under 8 C.F.R. §241.13(f), (i)(2). Furthermore, ICE, similar to all other agencies, has the duty to comply with its own federal

regulations. Rombot v. Souza, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (cleaned up). As here,

> where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute ... and [ICE] fails to adhere to it, the challenged [action] is invalid."

Id. (cleaned up).

The subject regulation undoubtedly implicates petitioner's constitutional rights. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Fifth Amendment protects. Zadvydas, 533 U.S. at 690. Because ICE violated its own regulations, the revocation of Munagi's OSUP is invalid and his detention is unlawful.

In light of its impending order, the Court declines to address petitioner's constitutional and statutory arguments.

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that petitioner, Francis Munagi, shall be released.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated:  December 19, 2025